OPINION. Hill, Judge: The first question for decision is — does res judicata or collateral estoppel apply to the instant proceeding by reason of our decision in the earlier case of Joe Lynch, Docket No. 102149, in which we held that the agreement involved herein constituted a valid partnership between petitioner and his three daughters ? Our decision in the earlier proceeding referred to was entered May 21, 1941. Our holding in that proceeding followed closely and was largely based upon Commissioner v. Olds, 60 F. 2d 252 (1932), affirming a decision of the Board of Tax Appeals in which we upheld the validity of a family partnership on facts strikingly parallel to those in the instant proceeding. Under the doctrine of the Olds case, a family partnership had to be recognized for Federal income tax purposes where a gift of capital interest in the business had been made. Since the date of that decision there have been handed down by the Supreme Court decisions in the cases of Commissioner v. Tower, 327 U. S. 280 (1946); Lusthaus v. Commissioner, 327 U. S. 293 (1946); Commissioner v. Culbertson, 337 U. S. 733 (1949), outlining the scope of pertinent evidence to be considered in resolving the question of validity of a partnership. The decisions in the Supreme Court cases cited have altered the legal concept of the facts essential for the determination of what constitutes a valid family partnership and have necessitated a broadening of the scope of inquiry in ascertaining whether or not such facts exist in a given case. This change in the law or the concept of the law has to a large extent rendered obsolete the legal concept upon which the Olds case was decided and upon which our decision in Docket No. 102149, supra, was based. Because of the change of such legal concept in reference to pertinent facts to be considered in determining whether or not a family partnership exists, we think that the principle of res judicata or collateral estoppel does not apply to the instant proceeding. This holding is amply supported by the opinion of the Supreme Court in Commissioner v. Sunnen, 333 U. S. 591 (1948). Cf. Clarence B. Ford, 19 T. C. 200. The second question for decision is whether under the agreement of partnership and the supplementary evidence in the proceeding a valid partnership existed in the years 1944 and 1945 between petitioner and his three daughters to carry on the Joe Lynch business. In general terms a partnership may be defined as “an association of two or more persons to carry on as co-partners a business for profit.” In the instant proceeding the basic agreement and the supplementary evidence disclose the following factual situation: Petitioner and his three daughters were not associated to carry on the Joe Lynch business but the business was to be carried on solely by petitioner as he had previously carried it on as a sole proprietorship. The amount of the capital account credited to each daughter as a partner was unchangeably fixed in the partnership agreement at the dollar value so credited, to wit, $11,117.16 Petitioner had the power and authority to increase the capital of the business by the provision of paragraph 4 of the agreement that “the profits may be retained and used as operating capital of the business,” but the value of the individual interests of the daughters in the capital of the business would not thereby be increased.[1] There were distributions of profits of the business but the agreement imposed no obligation or duty on petitioner in his sole and absolute power of the management of the business either (a) to distribute any of the profits to the daughters or (b) to credit any of such profits to them on the books of the business.[2] The partnership agreement recited that the term of the partnership was 15 years from July 1,1937, but under paragraph 5 of such agreement petitioner had the right and power to eliminate either or all of the daughters from the alleged partnership by purchasing their interests in the capital of the business at the price of the initial credit thereof to them. He could exercise-this right and power at any time during her life or within 1 year after the death of a daughter. He could, therefore, terminate the partnership or change the personnel thereof at any time he chose by such purchase or purchases. Thus petitioner could at any time reacquire the capital interests of his daughters in the business and either retain the ownership thereof in himself, turn it over to his son, Joe, Jr., or make any other disposition of it as he might elect. In the transaction of such reacquisition the daughters would receive nothing for the value of the good will of the business or for the increment to the capital of the business by reason of the retention of the profits for use as operating capital therein. In the event of petitioner’s death it was provided in the agreement that his son, Joe, Jr., upon arriving at the age of 27 years had the right the purchase the interests of the daughters in the capital account of the business on the same terms and at the same price as the contract provided for such purchase by petitioner. Under an arrangement or understanding, aliunde the partnership agreement, between petitioner and his daughters, petitioner’s son, Joe, Jr., was a participant in the profits of the business through gifts thereof by the daughters in amounts totaling more than sufficient to enable him to purchase therewith all of the capital account interests of the three daughters. Petitioner had no individual bank account but used the Joe Lynch business bank account for his personal affairs and use. Neither of the daughters had any authority to so use such account or otherwise to draw thereon. Such moneys as the daughters received from the profits of the business or from the business bank account were so received wholly at the will of petitioner through checks issued by petitioner or at his direction by his secretary. It is obvious that petitioner did not intend that his daughters should suceed him in carrying on the Joe Lynch business or join with him, or have any participation in, the operation thereof, but that it was his hope, plan, and purpose that his son, Joe, Jr., upon arriving at mature age, should succeed him therein. It is also apparent from the partnership agreement and other evidence herein that all that the daughters could of enforceable right obtain from the gifts of capital interests in the business was the value of such gifts in the amounts fixed in the agreement and then only upon the purchase of such interests either by petitioner or by his son, Joe, Jr. The initiative for such purchase lay with petitioner and/or his son and the daughters had no authority to sell their individual interests to any person other than petitioner or his son. Petitioner had the business so completely under his power and control that the daughters could not have received any income from the profits thereof except upon his decision to give it to' them. We deem it unnecessary to comment more specifically or at greater length on the facts found herein. Suffice it to say that all of the facts found are supported by the evidence and are so correlated in the formulation of a factual picture as to impel us to reach the conclusions specifically set forth above. We have considered all the facts in evidence, the partnership agreement, the conduct of the parties in execution of its provisions, their statements, the testimony.of all witnesses, the relationship of the parties, their respective abilities and capital contributions, the actual control and the power of control of the income, the purposes for which it was used, and all other facts in evidence which might throw light on the true intent of the parties, and have concluded therefrom that petitioner and his daughters did not in good faith and acting with a business purpose join or intend to join together in the conduct of the Joe Lynch business enterprise. We hold therefore that no valid partnership existed in the years 1944 and 1945 between petitioner and his three daughters and that the entire net income from such business in those years is taxable to petitioner. Reviewed by the Court. Decision will be entered for the respondent. HaRRON, /., dissents. Paragraphs 5 and 6 of the partnership agreement. Paragraph 4 of the partnership agreement.